IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CRAIG KAYAJANIAN,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

CASE NUMBER: 02-80883
MAGISTRATE: CIV-FERGUSON
SNOW

## COMPLAINT

Plaintiff, CRAIG KAYAJANIAN ("KAYAJANIAN," below) makes this his Complaint against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM," below) and states as follows:

1. This is a civil action arising under the laws of the United States pursuant to 28 U.S.C. Sect. 1331. Pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA," below), 29 U.S.C. Sect. 1132(a)(1)(B), KAYAJANIAN brings this action to recover long term disability benefits due KAYAJANIAN under the terms of an employee welfare benefit plan, to enforce his rights under the terms of such plan, and/or to clarify KAYAJANIAN's rights to future benefits under the terms of such plan.

2. At all times material to the present action KAYAJANIAN was a resident of Palm Beach County, Florida, lying within the Southern District of Florida. Pursuant to 29 U.S.C. Sect. 1132(e) this action is brought in the United States District Court for the Southern District of Florida, in which district the breach took place.



3. At all times material to this action KAYAJANIAN was a participant, as the term "participant" is defined under ERISA at 29 U.S.C. Sect. 1002(7), in an "employee welfare benefit plan," as the latter term is defined under ERISA at 29 U.S.C. Sect. 1002(1), ("the PLAN," below).

4. On or about February 22, 1999 KAYAJANIAN was forced to stop working due to one or more of the following conditions: prostate cancer, coronary artery disease, shortness of breath, fatigue and weakness.

5. Pursuant to Policy Number 519812-001 ("the POLICY," below) UNUM provides for long term disability coverage to participants in the PLAN and pays claims for long term disability benefits under the PLAN out of UNUM's general assets.

6. Before filing the present action KAYAJANIAN fulfilled all conditions precedent to the filing of this action, including the exhaustion of all administrative remedies.

7. At all times material to the present action the POLICY provides in pertinent part that during the first 24 months of benefit payments a claimant is disabled if:

   a. [the claimant is] limited from performing the material and substantial duties of [the claimant's] regular occupation due to sickness or injury; and

   b. [the claimant has] a 20% or more loss in [the claimant's] indexed monthly earnings due to the same sickness or injury.

8. At all times material to the present action KAYAJANIAN has been disabled and is entitled to long-term disability benefits from UNUM under the terms of the PLAN.

9. Effective August 10, 1999, UNUM began payments of long-term disability benefits to KAYAJANIAN under the PLAN.

10. Nevertheless, on or about April 12, 2001, UNUM wrote KAYAJANIAN that UNUM had decided to discontinue KAYAJANIAN's claim for long-term disability benefit payments. Effective April 7, 2001, UNUM discontinued KAYAJANIAN's benefits.

11. UNUM pays benefits under the PLAN out of UNUM's general assets. Consequently, UNUM's decision to discontinue KAYAJANIAN's benefits claim is due no deference, under the heightened scrutiny standard of judicial review.

12. KAYAJANIAN has been forced to retain an attorney to represent him in the present action. Pursuant to ERISA, 29 U.S.C. Sect. 1132(g)(1), KAYAJANIAN is entitled to an award of reasonable attorney's fees and the costs of this action from UNUM.

WHEREFORE, KAYAJANIAN prays for an award of long-term disability benefits from UNUM together with interest thereon, for an order declaring KAYAJANIAN disabled under the terms of the PLAN, and for an award against UNUM of attorney fees and costs of the present action.

>PAUL M. SULLIVAN, JR.,
>ATTORNEY AT LAW, P.A.
>Counsel for Plaintiff
>580 Village Blvd.
>Suite 280
>West Palm Beach, FL 33409
>(561) 689-7222- Phone
>(561) 689-5001-Fax
>
>By: _____
>PAUL M. SULLIVAN, JR.
>FL BAR NUMBER: 223891

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET   02-80883

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-FERGUSON**
**MAGISTRATE JUDGE**
**SNOW**

**I. (a) PLAINTIFFS**

Craig Kayajanian

**DEFENDANTS**

UNUM Life Insurance Company of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul M. Sullivan, Jr., P.A.  (561) 689-7222
580 Village Blvd., #280
West Palm Beach, FL 33409

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 530 General | A☒ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | A☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | | B☐ 540 Mandamus & Other | | | |
| | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)   ERISA 29 U.S.C. 1132(a)(1)(B)
Plaintiff seeks to recover disability benefits from an employee welfare benefit plan.
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 9/23/02   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

71702   $150.00   APPLYING IFP _____   JUDGE Ferguson   MAG. JUDGE Snow