FILED BY:_____D.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

2002 DEC 10  AM 11: 17

CLERK U.S. DIST. CT.

CRAIG KAYAJANIAN,                    CASE NUMBER: 02-80883-CIV-FERGUSON.-FTL.

      **Plaintiff,**

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

      **Defendant.**

_____/

## JOINT STATUS REPORT

Plaintiff, CRAIG KAYAJANIAN and Defendant, UNUM LIFE INSURANCE COMPANY

OF AMERICA, pursuant to S.D. Fla. Local Rule 16.1(B), files this Joint Scheduling Report and

states as follows:

1.      Attorneys for the above parties met via telephone on December 9, 2002 to discuss and

to agree on a discovery schedule and conduct other business to comply with Local Rule 16.1B.

## NATURE OF ACTION

2.      This is an ERISA action commenced by the Plaintiff to recover long-term disability

benefits from Defendant.    Each party is seeking attorney's fees and costs respectively.

3.      The parties agree that this case should be placed on a standard track under Local Rule

16.1(A)(2)(a), and that discovery should be completed within 269 days of the scheduling order.

4.      The following report contains the details required in the corresponding paragraphs

of Local Rule 16.1(B)(7).

      a.      **Discovery** - The parties intend to use interrogatories, documents requests, requests

1

for admissions, and depositions of witnesses, during the course of the discovery phase of this action. The parties also intend to utilize third party document and deposition subpoenas. The parties agree to exchange Rule 26 (a)(1)(c) disclosures and UNUM agrees to produce copies of the Policy and the non-protected portions of the administrative record of Plaintiff's claim by January 15, 2003.

It is UNUM's position that there will be limited discovery in this case, under the appropriate standard of review because the Court's review of UNUM's claim decision is initially limited to the administrative record of Plaintiff's claim. If, however, the Court determines that discovery is appropriate, UNUM plans to serve a request for production of documents, interrogatories, and a request for admissions, and to issue subpoenas to third parties for the medical and employment records of Plaintiff. In addition, UNUM may also depose Plaintiff, Plaintiff's treating physicians, expert witnesses and any other person with knowledge of relevant facts.[1]

The parties agree, subject to the Court's consideration and approval of the Joint Proposed Scheduling Order, to the discovery schedule that is set forth in item i. below.

b. The parties have agreed to meet informally to discuss settlement and are hopeful that the case can be resolved without the need for a trial.

c. The parties have agreed to discuss the likelihood of appearance in the action of additional parties, and to add additional parties on or before February 14, 2003, unless otherwise agreed.

---

[1]While it is UNUM position that no expert witness disclosures are necessary because the Court's review of UNUM's decision is limited to the administrative record, in the event that expert testimony is appropriate, UNUM agrees to make its expert witness disclosures by June 30, 2003.

2

d.   Amendment to the pleadings shall be made by February 14, 2003.

e.   Counsel are cooperating in the exchange of documents and admission of uncontroverted facts. The parties intend to litigate only those facts truly at issue. The parties agree that records custodians will not be necessary at trial for the introduction of documents that have been properly authenticated through discovery.

f.   Other than counsel's mutual cooperation and as stated in subsection "f" above, the parties have no further suggestions for avoidance of unnecessary proof.

g.   The parties agree that discovery matters may be referred to a magistrate judge.

h.   **Discovery Schedule**

The parties have agreed, subject to the Court's consideration and entry of the Joint Proposed Scheduling Order, to the following dates for designation of experts:

| | |
|---|---|
| Designation of case-in-chief experts by Plaintiff: | May 30, 2003 |
| Designation of expert(s) by Defendant: | June 30, 2003 |
| Designation of rebuttal expert(s) by Plaintiff: | July 29, 2003 |

i.   **Proposed Deadlines**

The parties have agreed, subject to the Court's consideration and entry of the Joint Proposed Scheduling Order, to the following discovery and litigation schedule:

| | |
|---|---|
| Completion of Discovery: | August 29, 2003 |
| Date to file pretrial dispositive motions: | September 30, 2003 |
| Mediation | August 15, 2003 |
| Pretrial Conference: | November 14, 2003 |
| Trial of this matter: | December 1, 2003 |

3

j.      The non-jury trial of this ERISA matter is estimated to be 1-2 days.

k.      There are no unique factual or legal issues known at this time and none requiring

referral to a special master or Magistrate Judge.

l.      The parties decline to stipulate to trial before a Magistrate Judge.

m.      The following are uncontested facts:

   (i)     Plaintiff was a participant under a group LTD policy issued by Defendant

to Republic Industries, Inc.

   (ii)    Defendant paid Plaintiff benefits from August 10, 1999 through April 7,

2001.

   (iii)   Defendant pays benefits under the group policy out of Defendant's general

assets.

n.      The issue in this action is whether Plaintiff is entitled to additional benefits under the

group policy.

o.      There are no motions currently pending.

DATED this 9th day of December, 2002

**PETT FURMAN & JACOBSON PL**
Attorney for Defendant
2101 NW Corporate Blvd.
Suite 218
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985- Fax

By: _____
Kristina B. Pett, Esq.
FL Bar Number: 973688
Jeannine Cline Jacobson
Fla. Bar No. 055777

**PAUL M. SULLIVAN, JR.**
**ATTORNEY AT LAW, P.A.**
Attorney for Plaintiff
Brandywine Centre I, Suite 280
West Palm Beach, FL 33409
(561) 689-7222
(561) 689-5001- Fax

By: _____
Paul M. Sullivan, Jr., Esq.
FL Bar Number: 223891

4